IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RED SKY AG, LLC,

        Plaintiff,

    v.

CURRY & COMPANY, INC., an Oregon corporation, and MATTHEW R. CURRY, an individual,

        Defendants.

_____

CURRY & COMPANY, INC., an Oregon corporation, and MATTHEW R. CURRY, an individual,

        Third-Party Plaintiffs,

    v.

MICHAEL E. HIVELY, an individual,

        Third-Party Defendant.

Case No. 3:14-cv-01655-TC

FINDINGS AND RECOMMENDATION

Page 1 - FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

Michael E. Hively ("Hively") moves to dismiss Curry & Company ("C&C") and Matthew R. Curry's ("Curry") third-party complaint for improper venue under Fed. R. Civ. P. 12(b)(3) and lack of personal jurisdiction under Fed. R. Civ. P 12(b)(2). In addition, Red Sky Ag, LLC ("Red Sky") moves to strike C&C and Curry's affirmative defenses, and to dismiss C&C and Curry's counterclaims.

## BACKGROUND

Plaintiff Red Sky is a Georgia limited liability company with its principal place of business in Georgia. Compl. ¶ 1. Defendant and third-party plaintiff C&C is an Oregon corporation with its principal place of business in Oregon. Id. at ¶ 2; Defs.' Answer & Countercl. ¶ 1. Defendant and third-party plaintiff Curry is an individual who resides in Oregon and is the principal of C&C. Compl. ¶ 3; Defs.' Answer & Countercl. ¶ 1. Third-party defendant Hively is an individual who resides in Georgia and acts as the owner and principal of Red Sky. Hively Aff. ¶¶ 1, 3. Hively was also employed by C&C as Chief Financial Officer, from December 2012 to December 2013, and Director of Business Development, from December 2013 until September 2014. Id. at ¶¶ 10-13. Sweet Vidalia Farms ("SVF") is a limited liability company formed by Curry, Hively, and Mike Collins (a third-party not implicated in this case) with its principal place of business in Georgia. Third-Party Compl. ¶ 6.

Page 2 - FINDINGS AND RECOMMENDATION

Red Sky initiated the underlying matter on October 17, 2014, by filing a complaint with this Court asserting, amongst other things, violations of the Perishable Agricultural Commodities Act by C&C and Curry. Compl. ¶ 2. Red Sky's claims generally allege that it provided produce to C&C for which it never received complete payment. Id. at ¶¶ 9-12. C&C and Curry filed counterclaims on December 5, 2014, alleging breach of the covenant of good faith and fair dealing, unjust enrichment, and disgorgement of profits illicitly obtained. Defs.' Answer & Countercl. ¶ 68-82. They also filed a third-party complaint against Hively on December 11, 2014, alleging indemnity and various breaches of contract stemming from Hively's employment with C&C. Third-Party Compl. ¶¶ 16-40.

In December 2014, Red Sky filed motions to strike and to dismiss C&C and Curry's affirmative defenses and counterclaims, respectively. On January 30, 2015, Hively moved to dismiss C&C and Curry's third-party complaint for improper venue and lack of personal jurisdiction.

**STANDARDS**

The court ordinarily considers the non-exclusive factors articulated in Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.), cert. denied, 531 U.S. 928 (2000), when determining whether to transfer venue pursuant to Fed. R. Civ. P. 12(b)(3). A valid and mandatory contractual forum selection clause, however, alters the court's analysis. Atlantic Marine Const. Co., v. U.S.

Page 3 - FINDINGS AND RECOMMENDATION

Dist. Ct. for W. Dist. of Texas, 134 S.Ct. 568, 579-81 (2013). In such cases, the plaintiff bears the burden of establishing that transfer is unwarranted, and the plaintiff's choice of forum and the parties' private interests merit no weight, effectively limiting the court's consideration to any arguments concerning public-interest factors. Id. at 581-82; see also Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (non-permissive forum selection clauses are "presumptively valid" and "should be honored absent some compelling and countervailing reason," such that "[t]he party challenging the clause bears a heavy burden of proof and must clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching") (citation and internal quotations omitted).

Under Fed. R. Civ. P. 12(f), a party may move to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike are "generally disfavored because of the limited importance of pleading in federal practice, and

Page 4 - FINDINGS AND RECOMMENDATION

because they are often used as a delaying tactic." SEC v. Levin, 232 F.R.D. 619, 625 (C.D. Cal. 2005). For that reason, courts frequently require a showing of prejudice by the moving party, which can arise from allegations that evince "delay or confusion of the issues." SEC v. Sands, 902 F.Supp. 1149, 1166 (C.D. Cal. 1995) (citation omitted).

    A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). While the federal claimant is not required to provide detailed factual allegations, the complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Fed R. Civ. P. 8 demands more than "an unadorned, the-defendant-harmed-me accusation") (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citation and internal quotations omitted).

**DISCUSSION**

I.  Hively's Motion to Dismiss Third-Party Complaint

Hively moves to dismiss Curry and C&C's third-party complaint pursuant to the SVF operating agreement's forum selection clause. SVF is central to the underlying litigation; both Curry and Hively are members of SVF and signed the SVF operating agreement, which plainly mandates that disputes between members are to be litigated in Tattnall County, Georgia. Hively Aff. Ex. A, at 15-3(e)-(f). As such, Hively's motion to dismiss should be granted.[1]

II. Red Sky's Motion to Strike Affirmative Defenses

Red Sky argues that C&C and Curry's first, sixth, and ninth affirmative defenses are denials of liability that should be stricken. Pl.'s Mot. Strike 4. Such a denial is permissible so long as it responds to the substance of the allegation, and C&C and Curry's first, sixth, and ninth affirmative defenses do just that. Fed. R. Civ. P. 8(b)(2). Thus, Red Sky's motion to strike should be denied in this regard.

Red Sky also argues that C&C and Curry have not provided any "facts to support the plausibility of their fifth, tenth, twelfth, and fifteenth affirmative defenses." Pl.'s Mot. Strike 6. While these affirmative defenses, alone, merely articulate legal

---

[1] As a result, there is no need to address Hively's personal jurisdiction argument under Fed. R. Civ. P. 12(b)(2).

Page 6 - FINDINGS AND RECOMMENDATION

theories, the Court finds that C&C and Curry have outlined a sufficient factual basis in their general allegations. See, e.g., Defs.' Answer & Countercl. ¶¶ 4-10. As such, these pleadings provide Red Sky with fair notice of C&C and Curry's defenses. Red Sky's motion to strike should therefore be denied with respect to C&C and Curry's fifth, tenth, twelfth, and fifteenth affirmative defenses.

Red Sky contends further that C&C and Curry's third and eighth affirmative defenses are improper because they "drone on for a page in length and read more like . . . venting of anger and frustration than actual defenses." Pl.'s Mot. Strike 6. To the contrary, the Court finds that these affirmative defenses provide significant background about the nature of the parties' relationship, particularly Hively's numerous positions as owner of Red Sky, employee of C&C, and member of SVF. In fact, Red Sky's omission of such facts, coupled with its current motions to strike and to dismiss, could be construed as an improper attempt at gamesmanship and delay in contravention of the spirit of the Federal Rules. Red Sky's motion to strike should be denied with respect to C&C and Curry's third and eighth affirmative defenses.

Lastly, Red Sky argues that C&C and Curry's sixteenth affirmative defense, which is a reservation of rights, is invalid. Pl.'s Mot. Strike 7. Although the Ninth Circuit has not directly addressed this issue, several district courts within the Ninth

Page 7 - FINDINGS AND RECOMMENDATION

Circuit have granted motions to strike similar reservations of rights. See Kane v. DeLong, 2013 WL 1149801, at *13 (N.D. Cal. Mar. 19, 2013) ("reserving affirmative defenses is redundant of rights Defendants already have under Rule 15(a)"); United States v. Global Mortg. Funding, Inc., 2008 WL 5264986, at *5 (C.D. Cal. May 15, 2008) ("[a]n attempt to reserve affirmative defenses for a future date is not a proper affirmative defense. . . . if a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15"). Accordingly, Red Sky's motion to strike should be granted as to this issue. However, nothing prevents C&C and Curry from moving to amend their affirmative defenses in accordance with Rule 15.

III. Red Sky's Motion to Dismiss Counterclaims

Red Sky moves to dismiss C&C and Curry's counterclaims for failure to comply with Fed. R. Civ. P. 8 or, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e). Specifically, Red Sky contends that their counterclaims violate Rule 8 because they "fail to contain short and plain statements, and [are] neither simple, precise, nor direct." Pl.'s Mot. Dismiss Countercl. 2. In support, Red Sky relies primarily on two cases – Lyden v. Nike, 2013 WL 6190964 (D. Or. Nov. 26, 2013), and McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). Those cases dismissed pleadings that were confusing, burdensome, and verbose, and that included immaterial information or failed to link facts with the

Page 8 - FINDINGS AND RECOMMENDATION

causes of action. Lyden, 2013 WL 6190964 at *1; McHenry, 84 F.3d at 1176-80.

Red Sky's reliance on Lyden and McHenry is misplaced. In Lyden, the complaint consisted of "72 pages and 53 exhibits that exceeded 2300 pages," and the amended complaint consisted of "108 pages with 94 exhibits that exceeded 3000 pages." Lyden, 2013 WL 6190964 at *1-2. The Lyden court reasoned that complaints of that nature impose "an unfair burden on the Court and the Defendant to determine the relevance of each allegation," such that dismissal was warranted. Id. at *2. Likewise, in McHenry, the plaintiff's complaint and amended complaints ranged from 37 to 53 pages, mixed relevant and irrelevant facts with political and legal arguments, and failed to specify which of the 20 named defendants caused the "alleged numerous and different violations of rights." McHenry, 84 F.3d at 1174.

Accordingly, Lyden and McHenry are distinguishable, as C&C and Curry's "entire counterclaim pleading, consisting of general allegations, four separate causes of action and corresponding prayers for relief, runs a mere five (5) pages." Defs.' Opp'n to Mot. Dismiss Countercl. 3. Indeed, in those five pages, C&C and Curry provide necessary facts to support their claims, allowing the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 557. In other words, Red Sky does not argue, and does the Court find, that

Page 9 - FINDINGS AND RECOMMENDATION

C&C and Curry's counterclaims fail to give the requisite notice or are otherwise inadequate to state plausible claims for relief. Therefore, Red Sky's motion to dismiss C&C and Curry's counterclaims should be denied.[2]

## RECOMMENDATION

Red Sky's motion to dismiss for improper venue (doc. 31) should be GRANTED and Curry and C&C's third-party complaint should be DISMISSED. Red Sky's motion to strike (doc. 27) should be GRANTED as to Curry and C&C's sixteenth affirmative defense, and DENIED in all other respects. Finally, Red Sky's motion to dismiss (doc. 28) should be DENIED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this Findings and Recommendation is filed. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

---

[2] As a result, the Court need not address Red Sky's alternate motion for a more definite statement. Nevertheless, the Court notes that Red Sky engaged in the same conduct it argues renders C&R and Curry's counterclaims improper. Compare Pl.'s Mot. Dismiss Countercls. 4-5 (Red Sky arguing that C&C and Curry's counterclaims "impos[e] an unfair burden on the court and defendant" because they "incorporate by reference every antecedent allegation into each subsequent claim for relief"), with Compl. ¶¶ 13, 21, 28, 34, 41, 47, 55 (Red Sky's own complaint including analogous language).

Page 10 - FINDINGS AND RECOMMENDATION

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

　　　Dated this 27th day of April 2015.


　　　　　　　　　　　　　　　　　　　　 s/Thomas M. Coffin
　　　　　　　　　　　　　　　　　　　　THOMAS M. COFFIN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge