IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RED SKY AG, LLC,

               Plaintiff,

    v.

CURRY & COMPANY, INC., an Oregon
Corporation, and MATTHEW R. CURRY,
an individual,

               Defendants.

_____

CURRY & COMPANY, INC., an Oregon
Corporation, and MATTHEW R. CURRY,
an individual

               Third- Party Plaintiffs,

    v.

MICHAEL E. HIVELY, an individual,

               Third-Party Defendant.

_____

Case No. 3:14-cv-01655-TC

ORDER

1 –ORDER

MCSHANE, Judge:

Magistrate Judge Thomas M. Coffin filed a Findings and Recommendation (ECF No. 37), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Defendants and Third-Party Plaintiffs filed objections to the Findings and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

Red Sky AG, LLC ("Red Sky") filed a complaint alleging breach of contract and several claims under the Perishable Agricultural Commodities Act of 1930 against defendants Curry & Company, Inc. ("C&C"), and Matthey R. Curry. Curry is a corporate officer of C&C. The claims are based on Red Sky's allegations that for several months in 2014, it delivered onions to C&C for sale which C&C accepted but never fully paid for.

Defendants filed an answer and asserted several counterclaims. Defendants deny purchasing any onions from Red Sky. Additionally, defendants allege Michael E. Hively, an employee of C&C and the sole principal of Red Sky, was charged with growing, packaging, and marketing onions for C&C and Red Sky. Essentially, defendants allege Hively put the interests of Red Sky above those of his employer C&C, and then bungled the management of the onion operation, costing C&C $1.2 million.

C&C and Curry then filed a third-party complaint against Hively. The third-party complaint alleges Hively was a corporate officer of C&C and the owner and managing member of Red Sky. The complaint alleges that "Hively was charged with launching and overseeing a new Vidalia onion growing operation in Georgia on behalf of Curry & Co." ¶ 6. This "venture:"

was an arrangement for the production, grading, packing and selling of Vidalia sweet onions whereby Curry & Co., another growner named Mike Colins, and Hively, through his company, Red Sky, would each produce onion crops under Hively's direction and oversight. The onions produced by the growers were to be graded, packed and stored at a packing facility operated by a limited liability company called Sweet Vidalia Farms, LLC ("SVF") of which Hively, Curry and Co., and Collins were members. . . . Hively was responsible for managing the day to day operations at the packing facility as well as overseeing the crop production. In this way, Hively was responsible for ensuring that the growing, grading, packing and storage of Curry & Co.'s onions (as an employee of Curry & Co., and co-member of SVF) was carried out as proficiently and profitably as possible and in a manner that would serve the best interests of Curry & Co. Moreover, Hively was responsible for [] establishing an efficient and profitable business for the production, packing and marketing of onion crops for multiple growers over the long term.

¶ 6.

Generally, the third-party complaint alleges Hively took steps to ensure that onions from Red Sky would hit the market first. This allegedly ensured Red Sky's profits at the expense of C&C (and one supposes the other member of Sweet Vidalia Farms, LLC). Additionally, Hively mismanaged the packing facility.

Under Hively's direction, the SVF packing facility received about 40 loads a week, although it could only handle half that number efficiently and competently. This produced an alarming glut of onions that were stored in unacceptable conditions outside the warehouse and in non-climate controlled warehouses offsite. Hively's mismanagement of the onion packing operation resulted in sizeable losses and waste due to the inevitable deterioration of a large percentage of the onions rendering them unfit to market. Hively's poor management of shed operations and flawed forecasts regarding optimum crop production, planting and harvesting schedules, and procurement volumes resulted in enormous losses to Curry & Co. and other growers.

¶ 11.

The third-party complaint brings claims of indemnity (for any amounts C&C and Curry and found liable to Red Sky), and several breach of contract and fiduciary duty claims stemming from Hively's role as a corporate manager of C&C.

3 –ORDER

Judge Coffin recommended granting Hively's motion to dismiss the third-party complaint due to the forum selection clause in the Sweet Vidalia Farms operating agreement. That operating agreement states, "Venue for any dispute arising under this Agreement or any disputes among any Managers, Members or the Company shall be in Tattnall County, Georgia." § 15-3(f). Hively, C&C, and Curry are all either Managers or Members of Sweet Vidalia Farms. Hively Aff., Ex. A, at § 1; ex. A and B of Operating Agreement. "The purpose of the Company will be to own and operate the packing shed and equipment (the "Business") and to engage in any act or activity incidental to the Business." *Id.* at § 4.

The forum selection clause clearly applies to disputes between C&C, Curry, and Hively regarding any dispute arising from the operation of the packing shed. C&C and Curry argue that "it would defy logic to interpret that the parties intended that the [SVF] Operating Agreement control every dispute under the sun between the Members and Managers." ECF No. 40, 12. Maybe, but the third-party complaint is not any dispute under the sun. Instead, as described above in the quotations from the third-party complaint, it is a dispute amongst the members and managers of Sweet Vidalia Farms concerning the operation of the packing shed. As such, the forum selection clause applies. It makes no difference that C&C and Curry attempt to label their dispute as one falling under the employer-employee relationship. It remains largely a dispute between members and managers of Sweet Vidalia Farms concerning the operation of the packing shed.

C&C and Curry also argue that the Findings and Recommendation overlooks rule 14(a). This argument, however, is raised for the first time in the objections to Judge Coffin's recommendations. As the argument was not raised before Judge Coffin, I decline to address it. *See B & K Livestock Auction, Inc. v. Oregon Dep't of Envtl. Quality,* No. 3:12-CV-2085-PK,

4 – ORDER

2013 WL 3973880, at *2 (D. Or. July 31, 2013); *Container Recovery, Inc. v. Shasta Nw, Inc.,* No. CV 05-1749-PK, 2007 WL 1724937, at *1 (D. Or. June 11, 2007); *Aleck v. United States of America*, CV 04-277-AS, 2005 WL 2709502 (D. Or. Oct. 21, 2005).

C&C and Curry did not object to other recommendations and I find no errors in the Report. Magistrate Judge Coffin's Findings and Recommendation (ECF No. 37) is adopted in full. Red Sky's motion to dismiss, ECF No. 31, is GRANTED. The Third-Party Complaint is dismissed. Red Sky's motion to strike, ECF No. 27, is GRANTED AS TO Curry and C&C's sixteenth affirmative defense, and DENIED in all other respects. Red Sky's motion to dismiss, ECF No. 28, is DENIED.

IT IS SO ORDERED.


DATED this 28th day of July, 2015.


_____/s/ Michael J. McShane_____
Michael J. McShane
United States District Judge